IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MICHAEL MARK MARTIN,                                      6:15-CV-226-PK


                Plaintiff,


                                                         OPINION AND ORDER

v.


OREGON DEPARTMENT OF
CORRECTIONS, MICHAEL GOWER,
JEFF PREMO, D. E. LONG, DR. DAGNER,
PhD, J. LAWSON, SANDRA AGUINAGA,
NANCY GREEN,  CHEMEKETA
COMMUNITY COLLEGE, OREGON STATE
BOARD OF HIGHER EDUCATION, and
JOHN & JANE DOES,

                Defendants.
_____

PAPAK, Magistrate Judge:

        On February 9, 2015,  plaintiff *pro se* Michael Mark Martin, an incarcerated prisoner,

filed this action *in forma pauperis* against defendants Oregon Department of Corrections

("ODOC"), Michael Gower, Jeff Premo, D. Long, Dr. Dagner, J. Lawson, and John and Jane

Page 1 - OPINION AND ORDER

Does (collectively, the "original ODOC defendants"), each individual defendant purportedly in both his individual and official capacities.[1] Martin amended his complaint effective November 3, 2015. Also on November 3, 2015, I granted Martin leave to substitute Sandra Aguinaga (collectively with the original ODOC defendants, the "ODOC defendants") for fictitiously named defendant Jane Doe. On March 11, 2016, I granted Martin leave to amend his complaint a second time and to add as additional defendants Chemeketa Community College (the "College") and the College's former employee, Nancy Green (collectively, the "College defendants"). Martin amended his complaint a third time effective June 15, 2016, adding as an additional defendant the Oregon State Board of Higher Education (the "Board").

By and through his third amended complaint, Martin alleged (i) the ODOC defendants' liability under 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to adequate medical treatment and housing conditions, (ii) all defendants' liability under Section 1983 for the violation of his right under the First Amendment to file grievances regarding the terms and conditions of his confinement, (iii) all defendants' liability under Section 1983 for the violation of his due process rights under the Fourteenth Amendment, (iv) all defendants' liability under Title II of the Americans with Disability Act (the "ADA"), (v) all defendants' liability under Section 504 of the Rehabilitation Act (the "RA"), and (vi) all defendants' liability for the violation of his right to full-time employment or on-the-job vocational training while

---

[1] Because it is well established that an official-capacity suit under 42 U.S.C. § 1983 "represent[s] only another way of pleading an action against an entity of which an officer is an agent," *Kentucky v. Graham,* 473 U.S. 159, 165 (1985), *quoting Monell v. Dep't of Soc. Servs. of N.Y.C.,* 436 U.S. 658, 690 n.55 (1978), I have previously construed Martin's claims to the extent alleged against the defendants in their official capacities as though instead alleged against the State of Oregon. *See Hafter v. Melo,* 502 U.S. 21, 25 (1991).

incarcerated as guaranteed under Article I, Section 41 of the Oregon Constitution.  On January 9,

2017, I dismissed Martin's Fourteenth Amendment, ADA, RA, and Oregon constitutional claims

to the extent those claims were alleged against the College defendants.

Now before the court is Martin's motion (#84) to compel interrogatory responses.  I have

considered the motion and all of the pleadings and papers on file.  For the reasons set forth

below, Martin's motion to compel is granted, and the ODOC defendants are ordered to provide

substantive responses to the two discovery requests within the scope of Martin's motion within

fourteen days of the date hereof.

## LEGAL STANDARDS

I.    **Scope of Permissible Discovery, Generally**

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense – including the

existence, description, nature, custody, condition, and location of any documents or other

tangible things and the identity and location of persons who know of any discoverable matter."

Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."  *Id.*  However, the district courts should limit the scope of discovery under specified

circumstances, as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery
> otherwise allowed by these rules or by local rule if it determines that:
>
> (i)    the discovery sought is unreasonably cumulative or duplicative, or can be
>        obtained from some other source that is more convenient, less
>        burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the
information by discovery in the action; or

(iii)   the burden or expense of the proposed discovery outweighs its likely
benefit, considering the needs of the case, the amount in controversy, the
parties' resources, the importance of the issues at stake in the action, and
the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## II.    Motion to Compel

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding

any matter, not privileged, that is relevant to the claim or defense of any party.  Rule 26(b)(1) is

to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead

to other matters that would bear on, any issue that is or may be in the case.  *See, e.g.,*

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party

bears the burden of establishing that the discovery is overly broad, unduly burdensome or not

relevant.  *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000).

"Boilerplate, generalized objections are inadequate and tantamount to not making any objection

at all."  *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal.

1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an

order compelling an answer, designation, production, or inspection" if:

(i)     a deponent fails to answer a question asked under Rules 30 or 31;

(ii)    a corporation or other entity fails to make a designation under Rule 30(b)(6) or
31(a)(4);

Page 4 - OPINION AND ORDER

(iii)     a party fails to answer an interrogatory submitted under Rule 33, or

(iv)     a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## PROCEDURAL BACKGROUND

On June 24, 2016, Martin propounded a set of discovery requests. Although it appears that Martin may have characterized his discovery requests as requests for production of documents, in fact he propounded a mixed set of requests for production and interrogatory requests. By and through his motion to compel, Martin asserts that he propounded his discovery requests pursuant to Federal Civil Procedure Rule 33, which governs interrogatory requests. The ODOC defendants responded to Martin's discovery requests on July 25, 2016.

Martin now moves to compel responses to two interrogatory requests that the ODOC defendants objected to in lieu of answering. Those requests, and the ODOC defendants' responses thereto, are as follows:

> **REQUEST . . . NO. 6:** *Please answer yes or no. Was there an engineering study done to determine the structural integrity of the building before adding the many tons of weight the additional bunks and men created? This would have been at the time of installation and change of occupancy.*
>
> This question should not pose any threat to security as it is a simple yes or no. The question is not vague, broad or overly burdensome and leads to the defendants negligence.
>
> **RESPONSE:** Defendants object to this request as it is overbroad in that it

exceeds the scope of FRCP 26(b) and fails to comply with FRCP 34. A request for production within the scope of FRCP 26(b) requests that a party produce and permit the requesting party to inspect, copy, test, or sample any designated documents or any designated tangible thing. FRCP 34(b)(1)(A)-(B) requires that the request describe with reasonable particularity each item or category of items to be inspected and specifies a reasonable time, place, and manner for the inspection.

**REQUEST . . . NO. 7:** *Please answer yes or no. Were building permits acquired when the second bunks were added and the occupancy changed to fill them?*
This should pose no threat to security, The question is not vague, broad, nor overly burdensome and leads to defendants negligence.

      **RESPONSE:** Defendants object to this request as it is overbroad in that it exceeds the scope of FRCP 26(b) and fails to comply with FRCP 34. A request for production within the scope of FRCP 26(b) requests that a party produce and permit the requesting party to inspect, copy, test, or sample any designated documents or any designated tangible thing. FRCP 34(b)(1)(A)-(B) requires that the request describe with reasonable particularity each item or category of items to be inspected and specifies a reasonable time, place, and manner for the inspection.

On August 22, 2016, Martin moved to compel defendants to provide the requested responses to the two interrogatory requests. There is no indication that Martin conferred with the ODOC defendants prior to filing his motion as required by Federal Civil Procedure Rule 37(a)(1). Moreover, Martin did not provide copies or descriptions of the ODOC defendants' objections to the two interrogatory requests in support of his motion as required by Local Rule 37-1.

## ANALYSIS

The ODOC defendants offer three (or perhaps four) arguments in support of their position that this court should deny Martin's motion: (i) that Martin's failure to comply with the conferral requirement of Federal Civil Procedure Rule 37(a)(1) merits denial, (ii) that Martin's failure to include the ODOC defendants' objections to the subject interrogatory requests in support of his motion to compel, as required by Local Rule 37-1, merits denial, and (iii) that the ODOC

defendants' discovery objections proffered July 25, 2016, merit denial, either (a) because the requests construed as requests for production are overbroad, in that they call for interrogatory responses rather than for production of documents, (b) because the requests construed as interrogatory requests are overbroad, in that they seek impermissibly expansive information, or (c) for both the foregoing reasons.

As to Martin's failure to comply with Rule 37(a)(1) and Local Rule 37-1, I disagree that such failure merits denial of Martin's motion under the circumstances. First, Martin is a *pro se* litigant, and was incarcerated at the time he filed his motion. While those circumstances by no means suggest that Martin is not subject to applicable federal procedural rules, it is nevertheless appropriate to tolerate procedural informality from civil *pro se* litigants, in particular incarcerated *pro se* litigants, and to construe their filings liberally. *See, e.g., Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Second, as to the conferral requirement of Rule 37(a)(1), the ODOC defendants' opposition to Martin's motion to compel tends to establish that such conferral would have been futile.[2] Third, as to Local Rule 37-1, Martin's failure to provide copies of the IODOC defendants' objections in support of his motion has not prejudiced any party or this court, as the ODOC defendants provided a copy of their objections to the subject interrogatories in support of their opposition to Martin's motion. Fourth, it is in the interest of judicial economy to consider

---

[2] Local Rule 37-1 specifies that, in addition to the conferral requirement of Rule 37(a)(1), "[t]he requirements in LR 26-3 related to . . . certificates of conferral apply to motions to compel." L.R. 37-1. Local Rule 26-3(g), in turn, specifies that "[t]he Court will deny any discovery motion that does not contain the certification required by LR 7-1(a)." Local Rule 7-1(a) provides that the certification requirement may be satisfied by a paragraph certifying that "[t]he moving party . . . is a prisoner not represented by counsel." L.R. 7-1(a)(1). It is undisputed here that Martin was a prisoner not represented by counsel at the time he filed his motion. I therefore overlook Martin's failure to open his motion with the required certification, and deem his motion compliant with Local Rule 7-1(a)(1).

Page 7 - OPINION AND ORDER

the merits of Martin's motion to compel now, rather than require him to refile his motion under the required certification of conferral (the outcome of which is already known to the parties and the court) and supported by the ODOC defendants' discovery objections (copies of which are already before the court) and then to consider the motion at a more advanced stage of these proceedings.

As to the ODOC defendants' discovery objections proffered July 25, 2016, I disagree that those objections merit denial of Martin's motion. To the extent that the gravamen of the ODOC defendants' objections is that Martin impermissibly sought interrogatory responses through what were ostensibly requests for production of documents, I understand their objections and agree both that it is uncommon for a litigant to propound a mixed set of requests for production and interrogatory requests and that it was improper for Martin affirmatively to label his interrogatory requests as requests for production. However, no rule of civil procedure prevents a party from propounding a mixed set of discovery requests, and it would be both judicially inefficient and an empty formality to require Martin to propound his requests anew under an appropriate label rather than to determine the discoverability of the requested information immediately. To the extent the ODOC defendants' objection to the two requests arises out of the improper label under which the requests appeared, the ODOC defendants are directed to construe the requests as requests for interrogatory responses properly propounded pursuant to Federal Civil Procedure Rule 33.

To the extent that the gravamen of the ODOC defendants' objections is that the requests, construed according to their terms as interrogatory requests, seek impermissibly expansive information, the objections are not well taken. Each of the interrogatory requests is a yes-or-no

Page 8 - OPINION AND ORDER

question as to whether certain specified events took place (commissioning an engineering study, obtaining building permits) at a time not identified by specific date but identified with sufficient particularity to be comprehensible to the ODOC defendants (in connection with the addition of new bunks to dormitories at the institution where Martin was housed during the events complained of by and through his third amended complaint). Because there is nothing impermissibly expansive regarding either of the subject interrogatory requests, and because overbreadth was the sole objection advanced by the ODOC defendants to either of the subject requests, to the extent the ODOC defendants' objections arise from the premise that the requests construed as interrogatories were overbroad, the ODOC defendants' objections are overruled.[3]

For the foregoing reasons, Martin's motion is granted, and the ODOC defendants are directed to provide the information requested by and through the subject interrogatory requests.

## CONCLUSION

For the reasons set forth above, Martin's motion (#84) to compel is granted, and the ODOC defendants are directed to provide the information requested by and through Martin's sixth and seventh discovery requests of June 24, 2016, within fourteen days of the date hereof.

Dated this 7th day of February, 2017.

Honorable Paul Papak
United States Magistrate Judge

---

[3] Although the relevance of the information the subject interrogatory requests are calculated to elicit is not immediately apparent on the face of the requests, the ODOC defendants offered no relevance objection in their July 25, 2016, response to Martin's discovery requests, and do not now offer any such objection in opposition to Martin's motion to compel.

Page 9 - OPINION AND ORDER